UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:15-cv-_____

| | |
|---|---|
| NAKELA HOUSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | NOTICE OF REMOVAL |
| ACCENTURE LLP and BANK OF ) | |
| AMERICA CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| ) | |

# Exhibit A

Accenture LLP
Deidre Desideri
Accenture
161 N. Clark Street
CHICAGO IL 60601

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or to whom or where to respond, should be directed to the person set forth in line 12 below or to the court or government agency where the matter is being heard.

**Item:** 2015-149

| | | |
|---|---|---|
| 1. | **Client Entity:** | Accenture LLP |
| 2. | **Title of Action:** | Nakela Houston vs. Accenture LLP and Bank of America Corporation |
| 3. | **Document(s) Served:** | Law Firm Letter<br>Civil Summons<br>Complaint - Jury Trial Demanded<br>Verification to Complaint |
| 4. | **Court/Agency:** | Mecklenburg County Superior Court |
| 5. | **State Served:** | North Carolina |
| 6. | **Case Number:** | 15-CVS-17438 |
| 7. | **Case Type:** | Discrimination |
| 8. | **Method of Service:** | Certified Mail |
| 9. | **Date Received:** | Friday 9/25/2015 |
| 10. | **Date to Client:** | Monday 9/28/2015 |
| 11. | **# Days When Answer Due:** 30<br>**Answer Due Date:** 10/25/2015 | **CAUTION:** Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of service in their records matches the Date Received. |
| 12. | **SOP Sender:**<br>(Name, Address and Phone Number) | Charles Ali Everage<br>Charlotte, NC |
| 13. | **Shipped to Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | Not Applicable |
| 15. | **Handled By:** | 341 |
| 16. | **Notes:** | None. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410   Tel: (561) 694-8107   Fax: (561) 694-1639
www.CorporateCreations.com

Case 3:15-cv-00507-MOC-DSC   Document 1-1   Filed 10/22/15   Page 2 of 10



# HUNTER | EVERAGE

September 22, 2015

Accenture LLP
c/o Registered Agent, Corporate Creations Network Inc.
15720 Brixham Hill Avenue #300
Charlotte, North Carolina 28277

*Via Certified Mail {7015 0920 0002 2587 0569}*

Re:   Nakela Houston v. Accenture LLC and Bank of America Corporation; 15-CVS-17438

Dear Sir or Madam:

Please find enclosed a Summons and Complaint that has been filed regarding the above-referenced matter and is hereby served upon you as Registered Agent. If you believe that you have been improperly served with the enclosed Summons and Complaint, please immediately contact our office.

Sincerely,

Georgia L. McGowan
Legal Secretary to Charles Ali Everage
*Charlotte Office*

:glm
Enclosures

| STATE OF NORTH CAROLINA | File No. 17438 15-CVS- |
|---|---|
| MECKLENBURG County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff |   |
|---|---|
| Nakela Houston | |
| Address | **CIVIL SUMMONS** |
| c/o Hunter \| Everage, 1800 Camden Road, Suite 104 | ☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| City, State, Zip | |
| Charlotte, North Carolina 28203 | G.S. 1A-1, Rules 3, 4 |
| **VERSUS** | |
| Name Of Defendant(s) | Date Original Summons Issued |
| Accenture LLP and Bank of America Corporation | |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Accenture LLP | Bank of America Corporation |
| c/o Registered Agent, Corporate Creations Network Inc. | c/o Registered Agent, CT Corporation System |
| 15720 Brixham Hill Avenue #300 | 150 Fayetteville Street, Box 1011 |
| Charlotte, North Carolina 28277 | Raleigh, North Carolina 27601 |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued 9/18/15 | Time 12:26 | ☐ AM ☒ PM |
|---|---|---|---|
| Charles Ali Everage | Signature | | |
| HUNTER \| EVERAGE | | | |
| 1800 Camden Road, Suite 104 | | | |
| Charlotte, North Carolina 28203 | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time | ☐ AM ☐ PM |
|---|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 6/11 (Over)
© 2011 Administrative Office of the Courts

Case 3:15-cv-00507-MOC-DSC   Document 1-1   Filed 10/22/15   Page 4 of 10

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 6/11
© 2011 Administrative Office of the Courts



STATE OF NORTH CAROLINA　　　　　IN THE GENERAL COURT OF JUSTICE
　　　　　　　　　　　　　　　　　　SUPERIOR COURT DIVISION
MECKLENBURG COUNTY　　　　　　　15-CVS-17438

NAKELA HOUSTON,
　Plaintiff,

v.

ACCENTURE LLP and BANK OF AMERICA CORPORATION,
　Defendants

**COMPLAINT**
**JURY TRIAL DEMANDED**

COMES NOW Plaintiff and alleges the following complaint against Defendants:

1. Defendant Accenutre LLP is a foreign partnership registered to do business in and doing business in North Carolina and Mecklenburg County.

2. Defendant Bank of America Corporation is a foreign corporation registered to do business in and doing business in North Carolina and Mecklenburg County.

3. Plaintiff Nakela Houston, a black female, was a joint employee of Accenture and Bank of America.

## FACTS

4. Plaintiff was hired and employed by Defendants in July 2013.

5. As a condition of employment, Plaintiff was required to pass a criminal background check.

6. Plaintiff truthfully disclosed all requested information including any criminal arrests or convictions.

7. Upon completing the back ground check and on-boarding requirements of Accenture and Bank of America, Plaintiff began working as an Underwriter.

8. Plaintiff successfully completed her job training as an Underwriter and worked as an Underwriter performing her job in a competent and above average manner.

9. Plaintiff outperformed her peer Underwriters and was a top performer.

10. There were seven similarly employed underwriters; four of the underwriters including Plaintiff were African-American.

11. Lisa Baker, Defendant's employee, subjected Plaintiff to disparate and less favorable treatment than Plaintiff's white co-workers.

12. In exercising her management authority, Lisa Baker and other supervisors treated African-American employees in a harsher and unequal manner when compared to white employees.

13. While disciplining and counseling Afro-American employees, Lisa Baker and other supervisors did not utilize the progressive disciplinary policy encouraged by the Defendant and instead escalated the disciplinary actions against Afro-American employees.

14. Despite the fact that Plaintiff had previously been vetted for the same project and passed a prior background check Defendants required that Plaintiff be subjected to a second background check.

15. On March 21, 2014, Defendants informed Plaintiff that she was terminated from her position based on a background check despite her previous disclosure of her criminal record.

16. Defendants terminated Plaintiff on the basis of her race.

17. The termination based on a second background screening was merely a pretext to mask the racial discrimination.

18. Within 180 days of termination on April 8, 2014, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission against Accenture.

19. Within 180 days of termination on July 1, 2014, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission against Bank of America.

20. On or about June 22, 2015, the Equal Employment Opportunity Commission issued and mailed a Dismissal and Notice of Rights to Plaintiff.

21. Pursuant to Title VII of the Civil Rights Act, this action is filed within 90 of the notices of right to sue issued by the Equal Employment Opportunity Commission.

## COUNT I – RACE DISCRIMINATION

22. The allegations set forth in preceding paragraphs are incorporated by reference as if fully set out herein

23. Defendants acted with racial discrimination towards Plaintiff and comparatively did not subject white employees to secondary criminal background screenings.

24. The actions of Defendants by and through its managers, in terminating Plaintiff without considering her job performance subjected her to different terms and conditions of employment because of her race.

25. The actions and omissions of Defendants' managers, coupled with the Defendant's failure to prevent, investigate or stop the acts of racial discrimination violated Plaintiff's rights under Title

VII of the Civil Rights Act of 1964, as amended §42 U.S.C. § 1981 and the North Carolina Equal Employment Practices Act, North Carolina General Statutes §143-422.1.

26. Plaintiff is entitled to recover an amount in excess of Ten Thousand Dollars ($10,000.00) in compensatory damages for Defendant's violation of Title VII.

WHEREFORE, Plaintiff seeks a judgment against Defendants, jointly and severely, as follows:

1. That she have and recover of the Defendants, compensatory damages of a sum to exceed of $10,000.00 (TEN THOUSAND DOLLARS and 00/100 CENTS) for his personal injuries loss wages and consequential damages;
2. That all issues of fact be tried by a jury;
3. That all costs of this action be taxed against the Defendants, including a reasonable fee for the Plaintiff's attorney.
4. That she have and recover of the Defendants interest on any compensatory judgment from the date of the institution of this action as provided by N.C.G.S. 24-1 and 24-5;
5. For such other and further relief as the Court may deem just and proper.

This the 15 day of September, 2015.

Charles Ali Everage, NCSB #28267
**HUNTER | EVERAGE**
1800 Camden Road, Suite 104
Charlotte, North Carolina 28203
Telephone: 704-377-9157
Facsimile: 704-377-9160
Attorney for Plaintiff

| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| --- | --- |
| | SUPERIOR COURT DIVISION |
| MECKLENBURG COUNTY | 15-CVS-_____ |

NAKELA HOUSTON,
    Plaintiff,

v.

**VERIFICATION TO COMPLAINT**

ACCENTURE LLP and BANK OF AMERICA CORPORATION,
    Defendants

The undersigned, being first duly sworn, deposes and says that she is the Plaintiff in the foregoing action; that she has read the foregoing Complaint and knows the contents thereof; that the same is true of her own knowledge, except as to matters and things alleged upon information and belief, and as to those she believes them to be true.

**THIS** is the 15th day of Oct_____, 2015.

_Nakela Houston_ **(SEAL)**
**NAKELA HOUSTON**

STATE OF North Carolina

COUNTY OF Mecklenburg

Sworn and subscribed before me.
This the 15 day of Oct_____, 2015.

_____
**NOTARY PUBLIC**

My commission expires: 10-15-2016

1

SEP 25 2015